## J. E. FITCH v. THE STATE.

No. 9436.   Delivered November 11, 1925.

#### 1.—Aggravated Assault—Charge of Court—Held, Incorrect.

Where an information charged an aggravated assault by the infliction of serious bodily injury only, it was error for the court to charge the jury, in addition to his submission of serious bodily injury, issue on an aggravated assault committed with premeditated design. See C. C. P. Art. 1022, par. 7-9. Following Kouns v. State, 3 Tex. Crim. App. 13 and other cases cited.

#### 2.—Same—Charge of Court—On Self-Defense—Held Incorrect.

Where in his charge submitting the law of self-defense, the court instructed the jury that the right of self-defense commences when necessity begins, and ends when necessity ceases, in the light of a more comprehensive special charge requested and refused, was not a correct presentation of the law of self-defense in this State, and for the errors above mentioned the cause must be reversed, and remanded.

Appeal from the County Court of Willacy County.   Tried below before the Hon. W. H. Mead, Judge.

Appeal from a conviction of an aggravated assault, penalty a fine of $75.00.

The opinion states the case.

*Davis E. Decker,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the County Court of Willacy County for the offense of an aggravated assault and his punishment assessed at a fine of $75.00.

The State's testimony shows that the alleged injured party went to the appellant to talk to him while appellant was in his field at work and without cause or provocation the appellant beat him with a club and also threw a jar of oil at him. The testimony is sufficient to show that the injuries inflicted were serious. The appellant's testimony showed that he acted in self-defense. The information charges that the aggravated assault and battery was committed by the infliction of serious bodily injuries on the injured party. In submitting the case to the jury, the court submitted it on the theory of serious bodily injury and also on the theory that an assault and battery becomes aggravated when committed with premeditated design.

Appellant pertinently objected to this charge on the ground that the information did not charge that the assault was committed with premeditated design. Appellant's contention in this respect is correct. C. C. P. Art. 1022, par. 7-9; Kouns v. State, 3 Tex. Crim. App. 13; Ferguson v. State, 4 Tex. Crim. App. 156; Anderson v. State, 16 Tex. Crim. App. 132; Scoggin v. State, 273 S. W. 577 and cases there cited.

Complaint is also made of the court's charge because same limited appellant's right of self-defense by charging on the question of provoking the difficulty and because the court among many other statements instructed the jury that the right of self-defense commences when necessity begins and ends when the necessity ceases. The appellant saved proper exceptions to the court's charge and offered special charges correcting the errors complained of in the court's main charge. In fact, the appellant offered what we believe is a complete correct charge on the issues involved in this case, with this exception; instead of instructing the jury that they must believe beyond a reasonable doubt that the appellant inflicted serious bodily injury by striking and beating the injured party with a bottle and with a club, we think the jury should have been told that if he inflicted the serious bodily injury by striking and beating the injured party with either the bottle or the club, that this would be sufficient. With this single exception, we think the first charge offered by appellant ought to have been given in lieu of the charge that was given, and we suggest, in view of another trial of the case, that this practice be followed.

For the errors above mentioned, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.